UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) ALEXANDER B. PANTOLEON, ) ) Defendant. ) _____) | CASE NO.   05-217 M DETENTION ORDER |

Offenses charged:

    Count I:    Conspiracy to Possess and Distribute Ephedrine, in violation of Title 21, U.S.C., Section 841(c)(2) and 846;

    Count II:    Conspiracy to Distribute MDMA, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(C), and 846.

Date of Detention Hearing:  May 9, 2005.

       The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Mike Lang.

DETENTION ORDER
PAGE -1-

The defendant was represented by Allen Bentley.

The Government argued for detention based danger to the community and risk of flight. The Government contended that the danger is evident given that the combined value of the drugs involved is estimated to be worth over ten million dollars in United States currency, which is the largest such seizure at the U.S.-Canadian border to date. The Government stated that the quantity and monetary worth of the seizure raises the stakes and elevates the threat of danger for all parties involved. The Government believed that the seriousness of the offense is magnified when considering the number of lives ruined by the use of methamphetamine, which also increases the seriousness of the offense and danger to the community.

The Government asserted that, although circumstantial, the weight of the evidence ties all three of the defendants together and to the conspiracy; ties which include a rented U-Haul truck and connections to a storage locker which contained documents referencing a fictitious company, several empty hockey bags, a shoe box, and seed bags which tested positive for ecstasy. The proximity of defendant's residence to the storage locker was noted by the Government as linking him to the conspiracy, in combination with a shoe box brand and size details which matched the model and size of a shoe worn by the defendant.

The Government added that a 1991 Ford commercial box truck was used for smuggling the drugs between Canada and the United States. Upon border crossing into the United States, the cargo manifest indicated a final destination for delivery to a company by the name of Northwest Resale. Investigation by federal authorities revealed that Northwest Resale was a fictitious company which in fact was an empty field in Snohomish, Washington. This same fictitious company was referenced in documents found in the storage locker.

Finally, the Government added that co-conspirators Pantoleon and Webster resided at the same residence in Oregon and reportedly worked in the fishing industry together in

Alaska; notably, employment which requires travel patterns similar to that of drug smuggling.

The defendant's Rape 2nd degree charge and Prescription Fraud charge were also cited by the Government as presenting an elevated risk of danger tot he community.

The defense opposed detention and concurred with the position of U.S. Pre-trial recommending the defendant's release. Pre-trial Services confirmed that his grandparents' home was available as a place of residence. The defense maintained that the defendant has significant family ties, community ties, and employment ties to this district. The family would also provide employment to the defendant at their restaurant. Defense asserted that the Government's case is based solely on a chain of inferences. The defense refuted any perceived elevated risk of danger to the community because the Rape 2nd degree charge never progressed beyond the initial charges and did not result in a conviction.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

(a) <u>The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug</u>. The charge of Conspiracy to Possess and Distribute Ephedrine does involve a series of reasonable inferences when

        taken together describe acts of three persons working in concert to obtain large quantities of ephedrine for illegal distribution.

    (b)   <u>The weight of the evidence</u>.  The weight of the evidence against the defendant appears to be significant when taken together with the acts of co-conspirators, each playing a role to accomplish the overall result.  This defendant possessed a large quantity of cash which is unexplained except by the criminal conduct. Ongoing investigation of the defendant's shoes are likely to further narrow the relationship of this defendant to the overall distribution enterprise.  Lastly, this defendant shared a residence with another co-defendant,  both of whom purported to be commercial fisherman.  Yet, when they were caught together they had no credible explanation for their being together, such as their employment.

    (c)   <u>The history and characteristics of the person</u>, including:
The person's character, physical and mental condition, family ties,  employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the current offense or arrest, the person was on probation, on parole,  on other release pending trial, sentencing, appeal, or completion of sentence of an offense under Federal, State, or local law.
The defendant's ties to the community in this instance are not sufficiently suitable.  The grandparents who would supervise the defendant did not appear in court, thus preventing the necessary

PAGE -4-

colloquy for third party supervision.

  (d) <u>Risk of danger to the community</u>. The danger to any person or the community that would be posed by the defendant's release appears great given the immense quantity of drugs and its street value. For this defendant to have been entrusted with the responsibility inherent in this level of a large drug transaction, there is a significant likelihood that his value to the organization is great and thus the incentives to continue in criminal activity persist. Thus, concerns for increased danger to the community abides, if not also increasing the risk of flight.

(3) <u>This Court has not placed any weight on the Rape 2nd degree charge, where no conviction exists.</u>

(4) Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED:**

(1) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States

Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 17th day of May, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -6-